**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ANN KRUSIEC, | ) | |
| | ) | |
| Plaintiff, | ) | No: 15 CV 9108 |
| | ) | |
| vs. | ) | |
| | ) | |
| COMCAST OF ILLINOIS I, INC., | ) | |
| | ) | |
| Defendant. | ) | JURY DEMAND |

**COMPLAINT**
**AS AND FOR A FIRST CAUSE OF ACTION**
**(DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT)**

**NATURE OF ACTION**

1.  This is an action under Title I of the Americans with Disabilities Act of 1990, to correct

unlawful employment practices on the basis of disability (handicap) and to make whole

**ANN KRUSIEC** ("KRUSIEC"). Defendant, **COMCAST OF ILLINOIS I, INC,**

("COMCAST") discriminated against KRUSIEC, a qualified individual with a handicap,

because of her disability

**JURISDICTION AND VENUE**

2.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C.A. & & 451, 1331, 1337,

1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the

Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C.A. § 12117(a).

3.  The employment practices hereafter alleged to be unlawful were and are now being

committed in the Northern District of Illinois, Eastern Division.

**PARTIES**

4.  KRUSIEC is an adult person and a resident of Hanover Park, DuPage County, State

of Illinois.

5.   KRUSIEC was an employee of Defendant, COMCAST from August of 2006 until

her wrongful termination in September of 2014, and had been performing the duties of a

CAE2 at the time of her termination.

6. At all times relevant, COMCAST is a Domestic Corporation organized under the laws

of the State of Illinois and has continuously had and still has around five hundred (500)

employees.

7.  COMCAST is an employer as that term is defined under the American Disability Act,

at all times material to the allegations herein.

 8. KRUSIEC has a permanent physical disability (handicap) and diabetes, in that she has

a record of, is regarded as having a physical impairment that substantially limits one or

more of her major life activities but said disability is not related to her ability to perform

the essential functions of his assigned duties with COMCAST on having an

accommodation for her medical prescriptions.

**STATEMENT OF CLAIMS**

9.  Despite COMCAST listing itself as an equal employment company and having a

policy against discrimination to the disabled, COMCAST intentionally discriminated

against KRUSIEC after she was hospitalized on July 7, 2014, by refusing to allow

KRUSIEC a reasonable accommodation to limit her work duties in conformance with a

medical restriction issued by her treatment medical doctor because of her medical

condition. Agents of COMCAST, thereafter created a hostile environment because of her

requests by not following policy and procedures on progressive discipline, while those

not having disabilities, were not subject to harsh discipline. Further, COMCAST failed to

allow or inform KRUSIEC of her rights to a medical leave in violation of the Family

2

Medical Leave Act.

10. This discrimination and harsh discipline, because of her handicap or disability, violates her rights under both the American Disability Act and the Illinois Human Rights Act. COMCAST's acts and omissions to act violate applicable provisions of the American Disability Act.

11. The discriminatory action of COMCAST as set forth above has caused KRUSIEC to be harmed in that KRUSIEC suffered in her position, her work environment had become impaired and her work performance was impaired due to the failure to accommodate and the hostile environment.

12. As a further proximate result of COMCAST's unlawful and intentional discriminatory actions against KRUSIEC, as alleged above, KRUSIEC has been harmed, in that KRUSIEC has suffered emotional pain, humiliation, mental anguish, loss of enjoyment of life, and emotional distress.

13. KRUSIEC filed a discrimination charge against the Equal Employment Opportunity Commission (EEOC) (Exhibit "A") and thereafter the EEOC issued a Right to Sue letter which is dated July 16, 2015, (See Exhibit "B"). This charge has timely filed with the Northern District of Illinois

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. Declare the conduct engaged in by COMCAST to be in violation of Plaintiff's rights;

2. For injunctive relief, including but not limited reinstatement and the relief required to make Plaintiff whole for any losses caused by the violations of COMCAST;

3. For compensatory damages in an amount according to proof;

4.    For costs of suit, including reasonable attorney's fees and expert fees, pursuant to 42 U.S.C.A §  12117(a), which incorporates the remedies set forth in Title VII of the Civil Rights Act of 1964, Title 42 U.S.C.A. §  2000e-5(k); and

5. For such other and further relief as the court deems proper.

### AS AND FOR A SECOND CAUSE OF ACTION
### (FAMILY MEDICAL LEAVE ACT-INTERFERENCE)

14. KRUSIEC incorporates and realleges paragraphs one (1) through thirteen (13) as though as paragraphs one (1) through thirteen (13) of Count II.

15.  At all times pertinent hereto, KRUSIEC was an eligible employee of COMCAST, as defined by the Family Medical Leave Act (FMLA) 29 U.S.C. 101 2-3 et seq; 29 U.S.C. 825.110 because COMCAST employed around 500 employees within his worksite and in the surrounding 75 miles.

16.  COMCAST failed to inform KRUSIEC her of rights she had under FMLA which would have allowed her to leave work based on the medication she was required to take and the complications caused by that medication, and in doing so willfully denied KRUSIEC the rights and benefits as provided under the FMLA, and by doing so, impeded her performance thereby causing KRUSIEC's termination.

17.  Similarly situated employees who did not engage in protected conduct as set forth herein, were not terminated by COMCAST.

18. As a result of KRUSIEC termination, she has lost tangible employment benefits from being subjected to discrimination by employees of COMCAST.

WHEREFORE, KRUSIEC prays for judgment as follows:

A. For back pay, with prejudgment interest, from the date of discriminatory actions as set forth above, but not more than two years prior to filing of EEOC charge by KRUSIEC

under Title VII to the date of judgment herein;

   B. For front pay and/or future lost earnings, for the period from the date of judgment;

   C. For compensatory damages in an amount of $300,000.00;

   D. For punitive damages in an amount not less than $300,000.00;

   E. For injunctive relief, including but not limited to relief required to make KRUSIEC

whole for the losses caused by the violations of COMCAST;

   F.   For costs of suit, including reasonable attorney's fees and expert fees, pursuant to

set forth in Title VII of the Civil Rights Act of 1964.

   G. For such other and further relief as the court deems proper.


ANN KRUSIEC

BY:**/s/ Michael T. Smith**
Michael T. Smith

Michael T. Smith #6180407IL
440 W. Irving Park Road
Roselle, IL 60172
(847) 895-0626

5